# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## NO. 2019 CA 0561

NORMAN PAUL TRAHAN, SR., INDIVIDUALLY, AND AS A
PERSONAL REPRESENTATIVE ON BEHALF OF THE ESTATE OF
KATHY ELIZABETH TRAHAN

VERSUS

LEONARD J. CHABERT MEDICAL CENTER L/B/N/ SOUTHERN
REGIONAL MEDICAL CORPORATION, CHABERT
OPERATIONAL MANAGEMENT COMPANY, LLC., OCHSNER
CLINIC FOUNDATION, DR. JOHN F. ENGLE, GRACE NAQUIN,
ELIZABETH ROBICHAUX, MICHELLE LANDRY DUPRE,
CLAIRE TRICHE-TABOR, STEPHEN J. FOURNIER, BLAINE
COTTON, TONYA K. LEBOEUF, SHALETHA WILLIAMS, DR.
GEORGE D. GROVE, DR. LEE ARCEMENT, AND XXX
INSURANCE COMPANY AND/OR COMPANIES

Judgment Rendered: **DEC 2 7 2019**

\* \* \* \* \*

On Appeal from the
32nd Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Trial Court No. 182,841

Honorable David W. Arceneaux, Judge Presiding

\* \* \* \* \*

Norman Paul Trahan, Sr.
Lafayette, LA

Plaintiff-Appellant,
In Proper Person

Stephanie D. O'Brien
Assistant Attorney General
New Orleans

Attorney for Defendants-Appellees,
John F. Engle, M.D., George D.
Grove, M.D., Lee Arcement, M.D.

Brittany K. Sloan
Peter E. Sperling
Naidra T. Colón
D. Burke Stough
New Orleans, LA

Attorneys for Defendants-Appellees,
Leonard J. Chabert Medical Center l/b/n,
Southern Regional Medical Corporation,
Chabert Operational Management Company,
LLC, Grace Naquin, Elizabeth Robichaux,
Michelle Landry-Dupre, Claire Triche-
Tabor, Blaine Cotton, Tonya K. LeBoeuf
and Stephen J. Fournier

James P. Waldron
New Orleans, LA

Attorney for Defendant-Appellee,
Ochsner Clinic Foundation

\* \* \* \* \*

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

## HIGGINBOTHAM, J.

In this medical malpractice, wrongful death matter, plaintiff, Norman Paul Trahan, Sr., appeals the judgment of the trial court sustaining peremptory exceptions raising the objection of no right of action in favor of numerous defendants.

### FACTS AND PROCEDURAL HISTORY

On May 2, 2018, Mr. Trahan filed individually, and as a personal representative on behalf of the estate of Kathy Elizabeth Trahan, a Petition for Medical Malpractice, Wrongful Death, Fraud in Concealment, and Damages. In his petition, Mr. Trahan contends that his sister, Kathy Trahan, was misdiagnosed and physically harmed during a hospital stay at Leonard J. Chabert Medical Center resulting in an infection, sepsis, a heart attack, and Kathy's eventual death on May 10, 2017. Mr. Trahan named numerous defendants[1] contending that the treatment they provided to Kathy breached the standard of care. In conjunction with his petition, Mr. Trahan filed a motion to proceed in forma pauperis.

In response, the defendants filed, among other things, exceptions of no right of action.[2] In their exceptions, the defendants pointed out that Mr. Trahan acknowledged in his petition that his and Kathy's mother, Sybil Moosa Trahan (Mrs. Trahan), was still alive and therefore, the defendants contended that Mr. Trahan had no right of action for a survival action under La. Civ. Code art. 2315.1 or a wrongful death action under La. Civ. Code art. 2315.2. The exceptions came before the trial court for a hearing on September 7, 2018. After the hearing, the trial court signed a judgment on September 24, 2018, sustaining the defendants' exceptions of no right

---

[1] The following defendants filed exceptions of no right of action: Leonard J. Chabert Medical Center l/b/n Southern Regional Medical Corporation, Chabert Operational Management Company, LLC., Grace Naquin, Elizabeth Robichaux, Michelle Landry Dupre, Claire Triche-Tabor, Stephen J. Fournier, Blaine Cotton, and Tonya K. LeBoeuf (the Chabert defendants), Dr. John F. Engle, Dr. George D. Grove, and Dr. Lee Arcement (the State defendants), and Ochsner Clinic Foundation (Ochsner). (collectively referred to as the defendants)

[2] Ochsner filed an exception of no right of action on July 23, 2018, the Chabert defendants filed an exception of no right of action on July 25, 2018, and the State defendants filed an exception of no right of action on August 24, 2018.

3

of action and revoking Mr. Trahan's pauper status. Mr. Trahan filed an application for supervisory writs from the September 24, 2018 judgment with this court. After review of Mr. Trahan's writ application, this court determined that the September 24, 2018 judgment was a final appealable judgment and granted Mr. Trahan's writ application for the limited purpose of remanding the matter to the trial court with instructions to grant an appeal to Mr. Trahan. This court also reversed the trial court's revocation of Mr. Trahan's pauper status. Thereafter, Mr. Trahan appealed from the September 24, 2018 judgment sustaining the defendants' exceptions of no right of action, raising several assignments of error.[3]

## LAW AND ANALYSIS

Mr. Trahan contends that the trial court erred in sustaining the defendants' exceptions of no right of action because Mrs. Trahan is in poor health, and his older brother, Mr. Michael David Trahan, who has power of attorney over their mother, signed an affidavit that gave Mr. Trahan the authority to act on behalf of their mother in certain litigation. Mr. Trahan also argues that he has a right of action to pursue his claims as the succession representative of Kathy's succession. Louisiana Civil Code article 2315.1 provides in pertinent part in a survival action:

> A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

---

[3] In connection with this appeal, Mr. Trahan filed motions to introduce additional exhibits. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. As an appellate court, we have no jurisdiction to receive new evidence. **Burniac v. Costner**, 2018-1709 (La. App. 1st Cir. 5/31/19), 277 So.3d 1204, 1208, n.6. Therefore, Mr. Trahan's motions are denied. Additionally, the Chabert defendants and Ochsner defendants filed a joint motion to strike certain exhibits that were included in the appellate record. As no designation was made, the appellate record contains "all documents filed with the trial court." La. Code Civ. P. art. 2128. Therefore, we deny the motion to strike, but note that items of evidence not formally introduced into the record are not properly before us for appellate review and cannot be considered.

4

Louisiana Civil Code article 2315.2 provides in pertinent part in a wrongful death action:

> A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

The right of action created by the wrongful death and survival action may be extended only to the beneficiaries named in the article and the classes of beneficiaries must be strictly construed. See **Roche v. Big Moose Oil Field Truck Service**, 381 So.2d 396, 399 (La. 1980). Pursuant to both of these statutes, the surviving brother of the deceased can only recover if the deceased left no spouse, child, or parent surviving. During the hearing on the exceptions of no right of action, Mr. Trahan testified that his and Kathy's mother, Mrs. Trahan, was alive and living in a nursing home. Mr. Trahan stated that Mrs. Trahan was infirm and unable to understand the litigation, but he acknowledged that she was not interdicted. Because Mrs. Trahan is alive, Mr. Trahan does not belong to the category of persons who may bring suit for a survival or wrongful death action arising out of the death of Kathy. Mrs. Trahan's poor health is irrelevant as she is the only person allowed to recover damages in this matter under the statutorily defined groups of Articles 2315.1 and 2315.2.

In his brief, Mr. Trahan pointed to an "Affidavit of Right and Authority" signed by Michael Trahan attached to his petition in favor of his position that he has a right of action. The affidavit stated that Michael Trahan had the power of attorney over Mrs. Trahan and that Michael Trahan gave Mr. Trahan the right and authority to act on behalf of himself, Kathy, and Mrs. Trahan in certain litigation. The affidavit was limited in scope, and this suit was not listed. Furthermore, there was no evidence that Michael Trahan's power of attorney over Mrs. Trahan gave Michael

Trahan the authority to pass his power of attorney status to Mr. Trahan. Finally, and most importantly, Mr. Trahan appears in this suit in his individual capacity and as representative of Kathy's estate. He does not appear as a representative of, or on behalf of, Mrs. Trahan.

Mr. Trahan also argued that he had a right of action as the succession representative of Kathy's succession. At the hearing, Mr. Trahan produced no evidence to prove that he was a succession representative of Kathy's succession. Furthermore, even if Mr. Trahan had proven he was a succession representative, he does not have a right of action under the facts of this case to seek recovery of damages pursuant to Articles 2315.1 or 2315.2. (See **Guffey v. Lexington House, LLC**, 2018-1568 (La. 5/8/19), ___So.3d ___, ___ 2019 WL 2041788, holding that a granddaughter as a succession representative did not have a right of action for wrongful death or survival damages under La. Civ. Code arts. 2315.1 or 2315.2 because members of a more favored class were still alive.) After review of the record and the arguments made by Mr. Trahan, we agree with the trial court's finding that Mr. Trahan has no right of action in this matter.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court sustaining the defendants' exceptions of no right of action is affirmed. Mr. Trahan's motions to introduce additional exhibits, as well as Ochsner and the Chabert defendants' joint motion to strike, are denied. All costs of this proceeding are assessed to plaintiff-appellant, Norman Paul Trahan.

**AFFIRMED; MOTIONS DENIED.**